HARRIS, Chief Judge.
John Allen Mederos and Marcia Mederos (Mederos) loaned Selph (L.T.), Inc. $80,000 and took a mortgage on two parcels of property as security.[1] Unfortunately one of the parcels was owned by L.T. Selph, individually, together with his former wife (as tenants in common) rather than by the corporation. This appeal involves Selph’s individual one-half interest in that parcel.
Before Mederos learned of the title defect (but after they recorded their mortgage), Brevard Rentals, Inc. (Brevard) and Deborah D. Mackie (Selph’s former wife) obtained and properly recorded judgments against Selph individually. When Mederos filed an action to reform their mortgage, the court permitted reformation to reflect that L.T. Selph was also liable as mortgagor but made the reformed mortgage subject to the judgments of Brevard and Mackie. Mederos appeals. We affirm the trial court’s determination of priority.
The recording of the mortgage from a mortgagor who was not the record owner of the property creates no mortgage lien and imparts no notice to anyone. Reformation may not be used to adversely affect intervening lien holders without notice. § 695.01, Fla.Stats.
The remaining issue is whether the Mackie judgment (for delinquent child support) continues to secure future unpaid child *895 support after the 1988 amendment repealing section 61.14(5)(c), Florida Statutes (1987).
The 1987 statutes provided that a lien on real property would be created if the recipient of support followed the procedure set out in the statute. The lien would be in the amount of the “delinquency as certified by the recorded statement of the local depository, amounts which thereafter became due prior to satisfaction of the judgment, and cost of filing and recording.” However, because the authority justifying a lien for the “amounts which thereafter became due prior to satisfaction of the judgment” was repealed by the 1988 amendment, there is nothing to support the trial court’s inclusion of delinquent child support payments accruing after July 1, 1988 as a part of the judgment lien in this action.
We therefore reverse that portion of the judgment that imposes a judgment lien for child support accruing after July 1, 1988.
AFFIRMED in part; REVERSED in part and REMANDED.
DAUKSCH and COBB, JJ., concur.

. Selph also individually endorsed the note but did not execute the mortgage.